**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

TIMOTHY CHINYERE ENWEREAMA,
        *Defendant-Appellant.*

No. 02-4536

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-288-BO)

Submitted: June 26, 2003

Decided: July 29, 2003

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Timothy Chinyere Enwereama pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371 (2000). Enwereama was sentenced to thirty months incarceration, three years of supervised release, a $5000 fine, and a $100 special assessment. Enwereama timely appealed, raising three issues.

First, Enwereama argues he entered an unknowing and involuntary guilty plea because the district court failed to explain the charge to him. Because Enwereama did not move to withdraw his guilty plea or otherwise raise this claim in the district court, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 733-37 (1993); *United States v. General*, 278 F.3d 389, 393 (4th Cir.), *cert. denied*, 536 U.S. 950 (2002); *United States v. Martinez*, 277 F.3d F.3d 517, 529-34 (4th Cir.), *cert. denied*, ___ U.S. ___, 123 S. Ct. 200 (2002). Although our review of the record reveals that the district court did not adequately explain the nature of the charges, or even the elements of the offense, this error warrants no relief because Enwereama does not assert that, but for the district court's error, he would not have pleaded guilty. *Martinez*, 277 F.3d at 530. Thus, he has not shown that the error violated his substantial rights. *United States v. Vonn*, 535 U.S. 55, 63 (2002).

Second, Enwereama argues the district court erred by failing to adequately address his challenge to the Presentence Investigation Report's determination on the amount of loss he was liable for as relevant conduct. We review a district court's factual findings at sentencing for clear error and its related legal conclusions, including the application of the Sentencing Guidelines, de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). This claim is meritless. Enwereama cannot establish the district court miscalculated his relevant conduct, and in any event, the alleged error did not affect

Enwereama's sentencing range. *See U.S. Sentencing Guidelines Manual* § 2F1.1(b)(1)(K) (2000).

Third, Enwereama argues his thirty month sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Because he did not raise this claim in the district court, we review for plain error. Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. 725. This claim is meritless. Enwereama's sentence did not exceed the applicable statutory maximum, and consequently, *Apprendi* does not provide a basis for finding sentencing error. *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Accordingly, we affirm Enwereama's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*